## VAN BLARICUM v. LARSON et al.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. DOWER (§ 2*)—WHAT LAW GOVERNS.

   The question whether one married and divorced in Indiana is entitled to dower in lands situated in New York is governed by the laws of New York.

   [Ed. Note.—For other cases, see Dower, Dec. Dig. § 2.*]

2. DOWER (§ 31*)—INCHOATE INTEREST—VESTING—FORFEITURE.

   While dower is inchoate until the husband's death, the inchoate right vests at the time of marriage in lands of which the husband is then seised, and those thereafter acquired during coverture, of which right the wife can be divested only by her voluntary act, or by forfeiture as provided by law.

   [Ed. Note.—For other cases, see Dower, Cent. Dig. § 83; Dec. Dig. § 31.*]

3. DOWER (§ 52*)—DIVESTITURE—DIVORCE.

   Under Laws 1880, c. 178 (Code Civ. Proc. § 1759, subd. 4), providing that the wife's inchoate right of dower is not affected by a decree of divorce in an action therefor by her, an inchoate right of dower in New York lands was not affected by a decree of divorce in favor of the wife in Indiana upon grounds other than adultery, which is the only ground of divorce in New York.

   [Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 102–107; Dec. Dig. § 52.*]

Appeal from Special Term, Monroe County.

Action by Effie J. Van Blaricum against Georgiana H. Larson and another, impleaded with others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George P. Decker, for appellants.
William T. Plumb, for respondent.

KRUSE, J. The action is for dower, and the question here is whether by obtaining a divorce in the state of Indiana upon the grounds of desertion, failure to support, and drunkenness on the part of her husband, as the laws of that state permit, plaintiff lost her right to claim dower in his real property, situate in this state.

I think she did not. She was married in the city of Indianapolis, Ind., on or about the 26th day of November, 1874. On or about the 4th day of September, 1886, the judgment dissolving that marriage was rendered by the circuit court of Marion county, Ind. Her husband died on or about June 7, 1907, in the city of Rochester, in this state. Before the marriage was dissolved the husband entered into the actual possession and continued to hold and occupy the lands in question as owner in fee simple thereof to the time of his death, as appears by the allegations of the complaint. The plaintiff did not remarry after the divorce, so far as the record discloses. The complaint is silent upon that subject, and the question here arises upon a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demurrer to the complaint, which was overruled. The appeal is taken from the interlocutory judgment entered upon that decision.

It is unnecessary to discuss the origin and development of dower. It was recognized in England at least as early as the thirteenth century, in the provisions of Magna Charta, and here by the colonial law as well as the statutes of the state. Since the enactment of the Revised Statutes, the declared law has been that "a widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage." (Colonial Laws 1683, c. 1, passed October 30, 1683; 1 Colonial Laws, pp. 111, 114, 115; Laws 1787, c. 4; 2 R. S. c. 1, tit. 3, § 1; Real Property Law [Consol. Laws 1909, c. 50] § 190.) Nor is it necessary to refer to laws and decisions of other states relating to dower as it exists at the present time.

[1] The question must be determined by the laws of this state, as the real property is situated here.

[2] By the decisions of the courts of this state, dower is recognized as a vested right, arising out of the marriage. It is inchoate until the death of the husband, but the inchoate right vests at the time of the marriage in lands of which the husband is then seised, and in such as are thereafter acquired by him during coverture at the time he becomes seised thereof, of which right the wife can only be divested by her own voluntary act, or by forfeiture as the law provides. Wait v. Wait, 4 N. Y. 95; Kursheedt v. Union Dime Savings Institution, 118 N. Y. 358, 23 N. E. 473, 7 L. R. A. 229; Matter of Ensign, 37 Hun, 152, affirmed 103 N. Y. 284, 8 N. E. 544, 57 Am. Rep. 717; Van Cleaf v. Burns, 133 N. Y. 540, 30 N. E. 661, 15 L. R. A. 542. Judge Haight, in the course of his opinion in the Ensign Case, when the case was before the General Term of the Supreme Court, of which he was then a member, in commenting upon the decisions there referred to, says:

"These decisions are placed upon the ground that the inchoate right of dower becomes a vested interest as soon as the husband is seised, and that, although the divorce may dissolve and terminate the marriage, it does not take away a vested interest in real estate previously acquired."

The point made by the appellants is that the plaintiff cannot be a widow of the man who was not her husband at the time of his death, and therefore she is not entitled to dower. But that conclusion does not follow, as is said in Wait v. Wait, supra:

"Whether or not a woman divorced from her husband upon his subsequent death is to be called his widow may furnish a curious question in philology, but cannot, I think, be decisive of the plaintiff's rights. It is true the Legislature in declaring what estates are liable to dower speak of the party entitled to dower as a widow. Possibly the term may not in every instance be the most appropriate, yet, as descriptive of the person intended, it is clearly sufficiently so. All that the Legislature meant is that, when a woman is entitled to dower, she shall be endowed of a third part of all the lands whereof her husband was seised at any time during the marriage."

[3] Furthermore, there is now and was at the time of the marriage an express statutory declaration that, if an action for divorce is brought by the wife and the marriage is dissolved, her inchoate right

of dower is not affected by the judgment of divorce. Laws 1880, c. 178; Code Civ. Proc. § 1759, subd. 4. While the statute provides that in case of a divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed (2 R. S. c. 1, tit. 3, § 8; Real Property Law, § 196), there is no provision in our statutes that, if she obtains a divorce for the misconduct of her husband, her dower shall be barred; but, as we have seen, there is an express declaration to the contrary. There are other ways in which the right of dower may be barred, forfeited, or released, but they have no relation to the question here.

It is, however, further contended that section 1759 of the Code of Civil Procedure does not apply because the marriage in our state may only be dissolved upon the ground of adultery, and a divorce obtained upon any other ground is therefore not within that provision. That is to say, if the judgment is obtained in this state upon the ground of adultery, the wife's right of dower is not affected thereby, but if obtained in another state upon other grounds, although sufficient by the laws of that state, for instance, such as desertion, she loses her right of dower whether she remarries or not. But the statutes referred to make no such distinction, and I think none exists in the law as declared by the courts of this state.

I am of the opinion that the demurrer was properly overruled, and that the interlocutory judgment entered thereon should be affirmed, with costs, with leave to plead over upon the usual terms. All concur.